## DUNN et al. v. WEHLE.

(City Court of New York, General Term. April 16, 1895.)

PLEADING—COMPLAINT—AVERMENTS SHOWING WANT OF JURISDICTION.
    A complaint in an action in the city court of New York which alleges that defendant, by false representations, induced plaintiff to execute an assignment of a judgment; that defendant collected the amount thereof, and refused to pay it over,—and asks that the assignment be set aside, and for the recovery of the amount of the judgment, shows on its face a necessity for equitable relief, and therefore the city court is without jurisdiction.

Appeal from special term.

Action by Patrick Dunn and Ann Dunn against Charles Wehle. From an order discontinuing the cause without costs, defendant appeals. Affirmed.

The complaint is as follows:

The plaintiffs above named, by John Whalen, their attorney, complaining of the above-named defendant, allege and aver: First. That on or about the 23d day of February, 1894, these plaintiffs, by Charles Wehle, the defendant above named, an attorney practicing in the courts of this state, and retained by them to conduct a certain action against the president and directors of the Phoenix Assurance Company of London, obtained a judgment against said company for the sum of $1,793.73, to which judgment the plaintiffs hereby refer, and make a part of this their complaint, when the same shall be produced and proved. Second. That on or about said date, viz. 23d day of February, 1894, the defendant herein requested these plaintiffs to sign and execute an instrument in writing, and which he represented to them to be an authority to the defendant to collect and receive the amount of said judgment from the company aforesaid. Third. That the defendant herein, by means of representations, false and calculated to deceive these plaintiffs, induced the said Patrick Dunn to sign and execute said instrument; that said Ann Dunn, one of the plaintiffs herein, absolutely refused to sign or execute the said instrument. Fourth. Upon information and belief, that upon the same day last aforesaid there was filed in the office of the clerk of the city court of New York an instrument purporting to be signed and acknowledged by both the plaintiffs above named, assigning said judgment, in consideration of eight hundred° dollars, to the defendant herein, at that time the attorney for these plaintiffs. Fifth. That said instrument in writing was and is, by virtue of such false representations, and nonexecution by the said Ann Dunn, null, void, and of no effect. Sixth. Upon information and belief that thereafter, and on or about the 12th day of March, 1894, said defendant received from said Phoenix Assurance Company of London the sum of $1,400 in payment and satisfaction of said judgment recovered as aforesaid; and a satisfaction piece was thereupon executed by the defendant herein, and delivered to said company or its attorneys, and was thereupon executed by the defendant herein, and delivered to said company or its attorneys, and was thereupon, and on March 12, 1894, filed in the office of the clerk of the city of New York. Seventh. That thereafter, and before this action was commenced, the plaintiffs herein duly demanded from the defendant herein payment of the money so recovered, with which demand the defendant refused to comply, and that no part thereof has been paid, except the sum of twenty-five dollars. Eighth. That there is now justly due and owing to these plaintiffs the sum of $1,793.73, with interest, less the sum of $25 paid as aforesaid. Wherefore the plaintiffs herein demand judgment: First. That the alleged assignment aforesaid be declared fraudulent and void and of no effect, and that the same be set aside. Second. That plaintiffs herein recover the sum of $1,793.73, less the sum of $25 paid as aforesaid, together with interest and the costs and disbursements of this action, or for such other, further, and different order, judgment, or relief in the premises as to the court may seem just and proper.

Argued before VAN WYCK and McCARTHY, JJ.

Charles Wehle, in pro. per.
John Whalen, for respondents.

McCARTHY, J. It seems to me clear that the want of jurisdiction in this case appears on the face of the complaint. Before the plaintiff can claim any money judgment, he must apply to a court of equity, as appears by the demand of the complaint for judgment, to wit: "First. That the alleged assignment aforesaid be de-

clared fraudulent and void and of no effect, and that the same be set aside." The court has no power to grant such relief, and the order to discontinue without costs was properly allowed. Order is therefore affirmed, with costs.